WILLIAM F. PLUNKETT, ESQ. Deputy Town Attorney, Greenburgh
This is in reply to your request received February 18, 1976 for an opinion as to the authority of a county clerk to accept for recordation in his office a deed which bears a reference to a map not on file in the County Clerk's Office, or in this case, the Division of Land Records for Westchester County.
The deed in question is a deed from the City of New York to the Town of Greenburgh and the deed description therein makes reference to a properly filed map which is followed by a metes and bounds description and, presumably, accurately describes the premises to be conveyed. However, in addition to this metes and bounds description it is further recited that the premises are also the same as shown on a certain map of the Department of Water Resources of the City of New York, which admittedly is not on file in the Division of Land Records in Westchester County.
The pertinent portion of section 333-a of the Real Property Law recites as follows:
 "No conveyance of real property or other document relating to real property, executed on or after July first, nineteen hundred thirty-one, which contains a recital of or a reference to a map made on or after that date or which has thereunto attached such a map, shall be received for record or recorded by such recording officer unless and until a duplicate of such map, prepared in the same manner as prescribed for the preparation of maps in section three hundred and thirty-four of this chapter, shall be filed in the office of such recording officer"
The language of this statute is clear and the mandate is direct. Although the reference to the unfiled map in the deed in question is in addition to an acceptable metes and bounds description, it is nevertheless a reference to a map which clearly fits within the mandate of the statute. The reference to the map puts the grantee on notice that in addition to the premises being in conformance with the metes and bounds description it is also the same as some other parcel which cannot be properly identified or examined without access to the map in question. Under such circumstances it is incumbent upon a prudent grantee or grantee's representative to seek out such map for proper identification. It is immaterial that the conveyance contains an alternate description since "a recital or a reference to a map" immediately invokes the operation of the statute.
Since your letter does not indicate the date when such unfiled map was made, presumably it was made after July 1, 1931, the cutoff date in the statute. If the map was in fact made before that time, then the statute obviously does not apply.
Therefore I conclude that the County Clerk was correct in refusing to accept for recordation the deed in question which contained reference to an unfiled map.